IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holloway, Jr., ) | C/A No. 8:14-4239-MGL-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Duke Energy, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Robert Holloway, Jr., ("Plaintiff"), proceeding pro se, brings this civil action seeking damages based on Defendant wrongfully disconnecting the power to his residence. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges he resides at 334 Pinehurst Drive, Greenwood, South Carolina, 29646, and Duke Energy ("Defendant") is located in Charlotte, North Carolina. [Doc. 1 at 2.] He alleges Defendant disconnected his power to his house on October 7, 2014, allegedly providing a North Carolina order to allow it. [*Id*. at 3.] He lost meats and hot water, cannot cook or wash clothes, and is cold and in the dark with the power still off as of October 28, 2014 (date Complaint was signed). [*Id*. at 3, 5.] Plaintiff contends he is disabled, and it is cruel to disconnect his power. [*Id*. at 4.] He further alleges he was involved in a prior lawsuit in this Court, 2:00-cv-02112-PMD, where this Court entered an order related to issuance and service of process, and Defendant violated said order. [*Id*. at 3–5.] Moreover, Plaintiff alleges that the prior action, 2:00-cv-02112-PMD, is still pending a settlement, and he has not been paid. [*Id*. at 2, 5; Doc. 13 at 1.] Based on

these allegations, Plaintiff seeks $500 billion, injunctive relief that the power should be reconnected immediately, and an order for no more bills to come to his home address. [*Id*. at 5.] He further requests that "Duke Energy properties and monies be seized and immediately payments be forward[ed] to" himself. [*Id*.]

This Court takes judicial notice that Plaintiff filed a prior civil action in this Court against the South Carolina Department of Corrections and South Carolina.[1] *See* Report and Recommendation, *Holloway v. South Carolina Dep't of Corr.*, C/A No. 2:00-02112-PMD-RSC (D.S.C. July 20, 2000), ECF No. 3. At the time Plaintiff filed the civil action in 2000, he was incarcerated at Lee Correctional Institution; he filed the action pursuant to 42 U.S.C. § 1983 alleging unconstitutional prison conditions. *Id.* at 2. This Court summarily dismissed that case without issuance and service of process because the defendants had Eleventh Amendment immunity from suit and they were not "persons" subject to suit pursuant to § 1983.[2] *See* Order, *Holloway*, C/A No. 2:00-02112-PMD-RSC (D.S.C. Sept. 7, 2000), ECF No. 10.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and

---

[1] It is appropriate for this Court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] This Court noted that Plaintiff's pleadings were, for the most part, incoherent. *See* Order, *Holloway*, C/A No. 2:00-02112-PMD-RSC (D.S.C. Sept. 7, 2000), ECF No. 10 at 3.

2

submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

It is difficult to decipher Plaintiff's factual allegations, legal claims, and the alleged subject matter jurisdiction to permit him to bring this action in this Court. [*See* Doc. 1 at 1–5.] Giving liberal construction to the Complaint, there may be several purported

claims—a state law claim based on diversity subject matter jurisdiction for breach of settlement agreement; based on federal question subject matter jurisdiction for violating the Constitution by violating a prior federal court order; and/or based on federal question subject matter jurisdiction for violating the Constitution or the American with Disabilities Act ("ADA") by disconnecting a disabled man's power.[3] *Id*. However, none of these purported claims are sufficient to establish subject matter jurisdiction or allege a plausible claim that should be served. *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (explaining that where a plaintiff invoking § 1331 "pleads a colorable claim 'arising under' the Constitution or laws of the United States," he invokes federal subject matter jurisdiction) (citation omitted). Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

---

[3] Although Duke Energy is a regulated public utility that produces electricity and there are South Carolina regulations by the Public Service Commission/Authority that apply to Defendant, Plaintiff does not allege that Defendant violated any state regulation by disconnecting his power. *See, e.g.*, *Southern Alliance for Clean Energy v. Duke Energy Carolinas, LLC,* 650 F.3d 401, 403 (4th Cir. 2011); *Carroway v. Carolina Power & Light Co.*, 84 S.E.2d 728, 244, 248 (S.C. 1954); S.C. Code Ann. §§ 58-27-2520 and 58-31-520, 550 (2006).

Ordinarily, a claim of breach of settlement agreement is a state law breach of contract claim that may be filed in federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Medicine Shoppe Int'l, Inc. v. Siddiqui*, 549 F. App'x 131, 134–35 (4th Cir. 2013) (noting that breach of settlement agreement was brought in the court based on diversity jurisdiction). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Although Plaintiff's allegations indicate that Plaintiff is domiciled in South Carolina and Defendant in North Carolina, and Plaintiff seeks in excess of $75,000, in light of this Court's judicial notice of *Holloway v. South Carolina Dep't of Corr.*, C/A No. 2:00-02112-PMD-RSC, Plaintiff's factual allegations related to the existence of a settlement agreement are not plausible. As stated above, this Court dismissed that action without issuance and service of process after the initial review. Thus, the defendants were not served, and it is apparent that the case was not settled. There is no indication on the docket of a settlement or a settlement agreement. Accordingly, this Court has no diversity jurisdiction over this action because Plaintiff does not allege a plausible claim of breach of settlement agreement.

Of course, if a plaintiff's complaint raises a federal question, this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question

relates to an action "'. . . arising under the Constitution, laws, or treaties of the United States.'"  *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted).  Here, Plaintiff does not plausibly allege a violation of the United States Constitution or any federal law.  For example, although he contends that he is disabled, he does not allege that he was a covered individual under the ADA nor that Title I or Title II was violated.  *See Rivers v. Bannister*, C/A No. 3:11-194-MBS-PJG, 2012 WL 486178, at *1, n.2 (D.S.C. Feb. 13, 2012) ("Title I of the ADA prohibits discrimination on the basis of disability in regard to . . . terms, conditions and privileges of employment.  Title II of the ADA states that no qualified individual with a disability shall, by reason of disability, be excluded from participation in or be denied the benefits or the services, programs or activities of a public entity (including a state agency), or be subjected to discrimination by any such entity.").  Further, Plaintiff alleges that Defendant acted cruelly by disconnecting a disabled man's power, but this Court is not aware of a provision of the Constitution, or any federal law, that prohibited Defendant from doing that.  Also, Plaintiff's allegation that Defendant relied on a North Carolina order to disconnect his power, and, thereby, violated a federal court order does not state a plausible claims because this Court's prior Order entered in *Holloway*, C/A No. 2:00-02112-PMD-RSC (D.S.C. Sept. 7, 2000), ECF No. 10, had nothing to do with Duke Energy.  Therefore, this Court's Order in the prior case entered on September 7, 2000, does not provide a basis for filing this civil action, and there is no federal question jurisdiction.

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin<br>United States Magistrate Judge

December 9, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>300 East Washington Street, Room 239
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).