IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Robert Holloway, Jr., | ) | Civil Action No.: 8:14-4239-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Duke Energy, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On October 30, 2014, Plaintiff Robert Holloway, Jr., ("Plaintiff"), proceeding *pro se* and *in forma pauperis,* filed this action against Defendant power company alleging that Defendant wrongly disconnected power to his residence. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for review. On December 9, 2014, the Magistrate Judge prepared a Report and Recommendation, (ECF No. 21), ("the Report"), which recommends that this action be dismissed without prejudice and without issuance and service of process, as Plaintiff's Complaint fails to set out a plausible claim upon which relief can be granted. Objections to the Report were due by December 29, 2014. Although Plaintiff filed a timely "Objection" to the Report, (ECF No. 25), the argument presented by Plaintiff in the short, hand-written filing is nearly incoherent and certainly does not set out specific objections to the Magistrate Judge's Report. Plaintiff has also moved, in a similar filing, for this case to be transferred. (ECF No. 30).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and Plaintiff's response to the Report or "Objection." The Court has undertaken a *de novo* review, even though Plaintiff's "Objection" does not advance specific objections to the Magistrate Judge's Report. Instead, Plaintiff's filing amounts to a rambling set of accusations concerning perceived unfairness in the court system. (ECF No. 25). Plaintiff fails entirely to address the Magistrate Judge's central determination that Plaintiff's allegations fail to set out a plausible claim of breach of a prior settlement agreement.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference. (ECF No. 21). Accordingly, this action is hereby **DISMISSED** without prejudice and without issuance and service of process. Plaintiff's Motion to Transfer Case, (ECF No. 30), is terminated as **MOOT**.

**IT IS SO ORDERED.**

                s/Mary G. Lewis
                United States District Judge

Columbia, South Carolina
January 5, 2015